UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BRUCESTAN T. JORDAN,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **No. 3:10-cv-00525** |
| ) | **Judge Campbell** |
| **UNITED STATES OF AMERICA, et al.,** ) | |
| ) | |
| **Respondents.** ) | |

## O R D E R

The movant, proceeding *pro se*, brings this action seeking federal *habeas corpus* relief under 28 U.S.C. § 2255.[1] The movant presently is incarcerated in the Miami Federal Correctional Institution in Miami, Florida.

Under Rule 4, Rules – Section 2255 Proceedings, the Court is required to examine motions under § 2255 to ascertain as a preliminary matter whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Id*. at § (b). If the Court determines that the movant is not entitled to relief under § 2255, then the "the judge must dismiss the motion . . . ." *Id*.

A federal jury found the petitioner guilty of mail fraud and aggravated identity theft on November 30, 2006. *United States of America v. Brucestan Jordan*, Criminal No. 3:06-00165 (M.D.

---

[1] On April 13, 2010, Mr. Jordan submitted a petition entitled "The Great Writ, Emergency Common Law Petition for Writ of Habeas Corpus" to the United States District Court for the Southern District of Florida, the district in which Mr. Jordan is presently incarcerated. (Case No. 1:10-cv-21178-JAL, Docket No. 1). The Court determined that, because Mr. Jordan's petition was essentially a motion to vacate pursuant to 28 U.S.C. § 2255, the petition should have been filed in the Court in which the petitioner was sentenced. (*See id.*, Docket No. 6). The Court then transferred his petition to the United States District Court for the Middle District of Tennessee where the petitioner was sentenced in November 2006. *See United States of America v. Brucestan Jordan*, Criminal No. 3:06-00165 (M.D. Tenn.)(Trauger, J., presiding). Because Mr. Jordan's petition in fact seeks to vacate, set aside, or correct his sentence of incarceration, the Court construes the motion as a petition for *habeas corpus* relief under 28 U.S.C. § 2255.

Tenn.)(Docket No. 79). On May 31, 2007, the Court sentenced the movant to forty-eight (48) months incarceration. (*Id*., Docket No. 131). Judgment was entered on June 1, 2007. (*Id*., Docket No. 134). The movant filed a notice of appeal on June 4, 2007. (*Id*., Docket No. 136). On November 13, 2008, the mandate issued by Sixth Circuit Court of Appeals affirming the petitioner's conviction and sentence. (*Id*., Docket No. 147). The movant filed a writ of *certiorari* in the United States Supreme Court on January 26, 2009, (*Id*., Docket No. 148), which was denied on March 3, 2009 (*Id*., Docket No. 149).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), federal prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the judgment became final by the conclusion of direct review . . . ." 28 U.S.C. §§ 2244(d)(1)(A); 2255(f)(1). The AEDPA's one-year limitations period is tolled during the ninety (90) days in which a federal prisoner may file a petition for a writ of *certiorari* in the Supreme Court of the United states at the conclusion of direct review, whether he does or not. *Clay v. United States*, 537 U.S. 522, 532 (2003); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

Applying the AEDPA, the date on which the movant's judgment became final by conclusion of direct review was March 3, 2009, the date his petition for *certiorari* was denied by the United States Supreme Court. Thus, the petitioner had until March 4, 2010 to file his petition for *habeas corpus* relief.[2]

---

[2]*See Fed. R. Civ. P.* 6(a)(1)(a) (when the governing time period is stated in days, the Court excludes the day of the event that triggers the period; thus, here, March 3, 2009 is excluded). *See also Fed. R. Civ. P*. 6(a)(1)(c)(when the governing time period is stated in days, the Court includes the last day of the period with exceptions that do not apply in this case; thus, here, March 4, 2010 is included).

2

The movant's instant petition was signed and dated April 9, 2010. (Docket No. 1 at p. 37).[3] The United States District Court for the Southern District of Florida filed his petition on April 13, 2010 (*Id.* at p.1); thus, there was no undue delay in mailing or receiving the petition. From the record before the Court, it is apparent that the movant filed his motion for relief under § 2255 over one (1) month **beyond** the AEDPA's one-year limitations period.

The Court has the authority to *sua sponte* raise the statute of limitations and dismiss untimely motions for *habeas corpus* relief filed under § 2255. *See Day v. McDounough*, 547 U.S. 198 (2006). Accordingly, the movant shall, within thirty (30) days of the date of entry of this order, show cause why his motion should not be dismissed as time barred. The petitioner is forewarned that failure to comply with this order will result in his petition being dismissed as untimely.

It is so **ORDERED.**

                                                      Todd J. Campbell
                                                    United States District Judge

---

[3] The movant's "Certificate of Service" on page 37 of his petition states that he mailed the writ of *habeas corpus* and an exhibit list via First Class U.S. Mail on April 9, 2010. (Docket No. 1).