IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRUCESTAN T. JORDAN, | ) |
| Petitioner, | ) |
| v. | ) No. 3:10-00525 |
| | ) JUDGE HAYNES |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## O R D E R

Movant, Brucestan T. Jordan, filed this action originally in the Southern District of Florida under 28 U.S.C. § 2255 seeking to vacate his conviction in this District. After the action was transferred to this District, Judge Trauger recused herself (Docket Entry No. 8) and the action was reassigned to the Honorable Todd J. Campbell, Chief Judge. Judge Campbell ordered Movant to show cause within 30 days why his motion should not be dismissed as time barred (Docket Entry No. 10), with the warning "that failure to comply with this order will result in his petition being dismissed as untimely." On July 19, 2010, Movant filed a response accusing Judge Campbell of aiding and abetting in his kidnapping and subjugating him to slavery, but Movant never addressed the timeliness of this action (Docket Entry No. 15). Judge Campbell entered an Order of recusal (Docket Entry No. 16).

Before the Court is the United States' motion to dismiss (Docket Entry No. 26) and to stay (Docket Entry No. 27) contending this action is untimely. This Court denied those motions "without prejudice to renew" and appointed the Federal Public Defender to represent Movant (Docket Entry No. 29). Two attorneys, Thomas Drake and Richard Tennent, were appointed, but the Court granted them leave to withdraw. The latter counsel found Movant impossible to work with as a client (Docket Entry No. 59).

1

As to the merits of the motion, after a trial, a jury convicted Movant on November 30, 2006. Movant appealed and the Sixth Circuit affirmed Movant's conviction and sentence on October 15, 2008 (United States v. Jordan, 3:06-cr-165 at Docket Entry No. 146). On January 26, 2009, Movant filed a petition for writ of certiorari with the United States Supreme Court (Docket Entry No. 148). The United States Supreme Court denied that petition on February 23, 2009. On April 13, 2010, Movant filed this action, an "Emergency Petition (Complaint) by Prisoner for Writ of Mandamus," in the Southern District of Florida (Civil Case Number 3:10-cv-0525, Docket Entry No. 1).

Under 28 U.S.C. § 2255, "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Here, Movant's conviction became final on February 23, 2009 when the Supreme Court denied his petition for writ of certiorari. Movant had until February 24, 2010 to file this action. Movant filed this action on April 9, 2010. Thus, this action is untimely and there is not any showing to apply the equitable tolling doctrine to which Movant was afforded an opportunity to respond.

Accordingly, the United States' motion to dismiss (Docket Entry No. 26) is **GRANTED** and this action is **DISMISSED with prejudice**. The Court declines to issue a Certificate of Appealability under 28 U.S.C. § 2253(c).

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 8th day of September, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge

2